UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JASON L. SANDERS,

          Petitioner,          Case No. 1:22-cv-344

v.                                Honorable Phillip J. Green

MATT MACAULEY,

          Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254.[1] Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Petitioner consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 1, PageID.13) Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c).

---

[1] Section 2254 "'allows state prisoners to collaterally attack either the imposition *or* the execution of their sentences[.]'" *Bailey v. Wainwright*, 951 F.3d 343, 348 (6th Cir. 2020) (Stranch, J., dissenting) (quoting *Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006)); *see also Rittenberry v. Morgan*, 468 F.3d 331, 336–37 (6th Cir. 2006).

This case is presently before the Court for preliminary review pursuant to 28 U.S.C. § 2253 and Rule 4 of the Rules Governing § 2254 Cases. The Court is required to conduct this initial review prior to the service of the petition. Rule 4, Rules Governing § 2254 Cases.

Service of the petition on the respondent is of particular significance in defining a putative respondent's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351.

Rule 4, by requiring courts to review and even resolve the petition before service, creates a circumstance where there may only be one party to the proceeding—the petitioner. Because Respondent has not yet been served, the undersigned concludes that Respondent is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review of the petition. *See Neals v.*

*Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to the action at the time the magistrate entered judgment.").[2] Petitioner's consent is sufficient to permit the undersigned to conduct the Rule 4 review.

The Court conducts a preliminary review of the petition under Rule 4 to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition for failure to raise a meritorious federal claim.

---

[2] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

## Discussion

**I.   Factual allegations**

Petitioner Jason L. Sanders is incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility (IBC) in Ionia, Michigan. Petitioner is parole eligible—he has been parole eligible for more than a decade. He is serving the last sentence of a consecutive string, a sentence of 1 to 5 years for malicious destruction of property.

On September 1, 2020, Petitioner filed a habeas corpus petition raising four grounds for relief, as follows:

    I.    Under "truth [in] sentencing" prisoners were supposed to be released on parole after completing their minimum.

    II.    Due to the COVID-19 pandemic and my terminal illnesses, if contracted, I will die.

    III.    The continued imprisonment in this prison environment during the pandemic increases the fact that I will soon contract it and die.

    IV.    COVID-19 poses a threat (high risk) [to Petitioner] Sanders life.

*Sanders v. Washington et al.*, No. 1:20-cv-872 (W.D. Mich.) (herein *Sanders I*) (Pet., ECF No.1, PageID.6-10.) This Court dismissed the petition because Petitioner had failed to exhaust his state court remedies. *Id.* (J., ECF No. 6).

Petitioner then filed a motion for relief from judgment in the Ionia County Circuit Court to exhaust his habeas claims. The circuit court denied Petitioner's motion by order entered March 30, 2021. (Ionia Cnty. Cir. Ct. Order, ECF No. 1-1, PageID.17–18.) The Michigan Court of Appeals denied leave to appeal on September 9, 2021, (Mich. Ct. App. Order, ECF No. 1-1, PageID.19), and the Michigan Supreme

Court did the same by order entered April 5, 2022, (Mich. Order, ECF No. 1-1, PageID.20).

Having exhausted his claims in the state courts, Petitioner returned to this Court and filed his new petition, raising the following issues:

I. The lower court falsely concluded that defendant was attempting to demonstrate "Actual Prejudice" to show the Court that "but for errors/defects in the sentencing procedure, he would have a reasonable likelihood of acquittal, and failed to meet the burden of establishing entitlement to relief under MCR 6.508.

II. COVID-19 poses a high risk to my health and safety (life) at (IBC) due to the 8th Amendment additional restraints by MDOC officials.

III. My continued imprisonment at IBC is cruel and unusual during the COVID-19 pandemic and increases the fact that I could soon contract COVID-19 and fight for my life, unnecessary infliction of pain and suffering and lasting illness.

IV. The conditions of my confinement at Ionia Bellamy Creek amount to additional [un]constitutional restraints in violation of the 8th Amend. to U.S. Constitution.

(Pet., ECF No. 1, PageID.5–10.)

A lot of things have changed since Petitioner filed his first petition. First, there are vaccines now available that greatly reduce the risk of serious medical harm from COVID-19 infection. Second, Petitioner has been twice infected with COVID-19. *See Sanders v. Washington et al.*, No. 1:21-cv-510 (W.D. Mich.) (Compl., ECF No. 1, PageID.3, 5.) Moreover, Petitioner alleges in another case that he has been repeatedly exposed to a third COVID-19 variant, omicron, but at least as of January 20, 2022, had not been infected for a third time. *Sanders et al. v. Macauley et al.*, No. 1:22-cv-18 (W.D. Mich.) (Pet'r's Aff., ECF No. 15-1, PageID.395–396.) Third, Petitioner does

5

not allege that there are presently any active COVID-19 infections at IBC; information published by the MDOC states that there are no active infections at IBC. *See* https://www.michigan.gov/corrections/covid-19 (last visited May 16, 2022). Thus, the risk that purportedly rendered Petitioner's continued incarceration unconstitutional during the fall of 2020 is not the same risk he faces today.

## II. Availability of § 2254 relief for unconstitutional conditions of confinement

Petitioner's request for relief is not a typical habeas claim. The Supreme Court has made clear that constitutional challenges to the fact or duration of confinement are the proper subject of a habeas corpus petition rather than a complaint under 42 U.S.C. § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Constitutional challenges to the conditions of confinement, on the other hand, are proper subjects for relief under 42 U.S.C. § 1983. *Id.* The *Preiser* Court, however, did not foreclose the possibility that habeas relief might be available even for conditions of confinement claims:

> This is not to say that habeas corpus may not also be available to challenge such prison conditions. *See Johnson v. Avery*, 393 U.S. 483, (1969); *Wilwording v. Swenson, supra*, at 251 of 404 U.S. . . . When a prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making the custody illegal. *See* Note, Developments in the Law—Habeas Corpus, 83 Harv. L. Rev. 1038, 1084 (1970).[]

*Preiser*, 411 U.S. at 499 (footnote omitted). But, the Court has also never upheld a "conditions of confinement" habeas claim. Indeed, in *Muhammad v. Close*, 540 U.S. 749 (2004), the Court acknowledged that it had "never followed the speculation in

6

*Preiser* . . . that such a prisoner subject to 'additional and unconstitutional restraints' might have a habeas claim independent of § 1983 . . . ." *Id.* at 751 n.1.

The Sixth Circuit has concluded that claims regarding conditions of confinement are properly brought under § 1983 and are not cognizable on habeas review. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) ("'Petitioner in this case appears to be asserting the violation of a right secured by the federal Constitution or laws by state prison officials. Such a claim is properly brought pursuant to 42 U.S.C. § 1983.'"); *In re Owens*, 525 F. App'x 287, 290 (6th Cir. 2013) ("The criteria to which Owens refers involves the conditions of his confinement . . . . This is not the proper execution of sentence claim that may be pursued in a § 2254 petition."); *Hodges v. Bell*, 170 F. App'x 389, 392–93 (6th Cir. 2006) ("Hodges's complaints about the conditions of his confinement . . . are a proper subject for a § 1983 action, but fall outside of the cognizable core of habeas corpus relief."); *Young v. Martin*, 83 F. App'x 107, 109 (6th Cir. 2003) ("It is clear under current law that a prisoner complaining about the conditions of his confinement should bring suit under 42 U.S.C. § 1983.").

Petitioner's claims challenging the constitutionality of his custody due to risks posed by COVID-19 appear on their face to be claims regarding the conditions of his confinement. Such claims should be raised, typically, by a complaint for violation of 42 U.S.C. § 1983. And Petitioner has raised them in that context, several times.

Nonetheless, in this action, Petitioner requests release from custody. That relief is available only upon habeas corpus review. "The Supreme Court has held that release from confinement—the remedy petitioner[] seek[s] here—is 'the heart of habeas corpus.'" *Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020) (quoting *Preiser,* 411 U.S. at 498).³ A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser*, 411 U.S. at 484 (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody).

In *Wilson*, the Sixth Circuit stated: "Our precedent supports the conclusion that where a petitioner claims that no set of conditions would be constitutionally sufficient the claim should be construed as challenging the fact or extent, rather than the conditions, of the confinement." *Wilson*, 961 F.3d at 838. Petitioner, like the petitioners in *Wilson*, contends there are no conditions of confinement sufficient to prevent irreparable injury at the facility where he is housed. Accordingly, the Court construes his claim as a proper claim for habeas relief.

Because Petitioner has chosen to pursue relief by way of a habeas petition, the available relief is circumscribed. *Wilson*, 961 F.3d at 837. Even if there might be conditions of confinement, short of release, that would mitigate the risk—and eliminate the conditions that Petitioner claims violate his rights—it is not within this

---

³ The *Wilson* petitioners were federal prison inmates who brought habeas claims under 28 U.S.C. § 2241 similar to those claims brought by Petitioner in his first COVID-related habeas petition.

8

Court's habeas jurisdiction to grant such relief. *Id.* A claim seeking relief other than release is properly brought under 42 U.S.C. § 1983.

The Court notes that the claim raised by Petitioner now is not necessarily similar to the claim raised in his first COVID-related petition or by the *Wilson* petitioners. Even if there were no conditions of confinement sufficient to prevent irreparable injury in the past, if those conditions do not continue today, or at least when Petitioner filed his petition, then release is no longer a proper remedy, and a habeas corpus petition is no longer the proper path to relief.

### III. Petitioner's Eighth Amendment claim

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. "Routine discomfort is 'part of the penalty that criminal offenders

9

pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims)); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)). The deliberate-indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35–37. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. "It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* at 836. "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844.

10

Moreover, because Petitioner has raised his Eighth Amendment claim by way of a habeas petition, Petitioner must make the additional showing that there are no conditions of confinement sufficient to prevent irreparable injury. That is a particularly difficult showing where Petitioner has already twice realized the risk he contends would irreparably injure him.

Petitioner notes that he is medically vulnerable and suggests that, for that reason, COVID-19 infection is life-threatening. But he offers nothing in his petition regarding the present conditions of his confinement. Indeed, he specifically references conditions of confinement he has faced in the past. This Court has previously determined, however, that those conditions of confinement, even when expressed over pages and pages of allegations in complaints under 42 U.S.C. § 1983, do not constitute a violation of the Eighth Amendment. *See Sanders v. Macauley*, No. 1:22-cv-18, 2022 WL 1183425 (W.D. Mich. Apr. 21, 2022); *Sanders v. Washington*, No. 1:21-cv-510, 2022 WL 575179 (W.D. Mich. Feb. 25, 2022); *see also Sanders v. Washington*, __ F.Supp.3d __, 2022 WL 247831 (W.D. Mich. Jan. 27, 2022).

In short, accepting as true Petitioner's scant allegations regarding the risk of COVID-19 infection, he has not alleged facts that support an inference that Respondent has been deliberately indifferent to a risk of harm to Petitioner. He has also failed to allege facts that support an inference that, in light of the risk of harm he presently faces, there are no conditions of confinement sufficient to prevent irreparable injury. Therefore, Petitioner has failed to present a meritorious claim for habeas corpus relief. Accordingly, the Court will dismiss the petition.

## IV. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court has concluded that Petitioner's application is properly denied for lack of merit. To warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 326 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

Applying this standard, this Court finds no basis for issuance of a certificate of appealability. The Court has already rejected Petitioner's claims of constitutional error under the standards set forth in the Antiterrorism and Effective Death Penalty Act. The Court finds that reasonable jurists could not conclude that this court's dismissal of Petitioner's claims was debatable or wrong, and therefore, the Court will deny Petitioner a certificate of appealability.

Moreover, for the same reasons the Court will deny a certificate of appealability, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter an order and judgment dismissing the petition for failure to exhaust state-court remedies and denying a certificate of appealability.

Dated: June 1, 2022 /s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge